IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAYA JONES,                )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No. 19-2131-CM
                            )
TWAKISH JONES, et al.       )
                            )
            Defendants.     )

# **ORDER**

Plaintiff, Chaya Jones, filed this action for unspecified civil rights violations allegedly committed by numerous, varied defendants. Plaintiff has filed a motion seeking to commence and proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 (ECF No. 3), in addition to a motion for appointment of counsel (ECF No. 4). For the reasons discussed below, the court requires supplementation of the documents for the motion to proceed without prepayment. Additionally, the court denies plaintiff's motion for appointment of counsel.

<u>Motion to Proceed In Forma Pauperis</u>

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." However, "[p]roceeding in forma pauperis in a civil case is a privilege,

not a right─fundamental or otherwise."[1] In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations.[2] The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.[3]

Plaintiff's application contains numerous deficiencies. On page 2, plaintiff identifies children whose current location is unknown.[4] Plaintiff fails to list their ages, except to say they are "not grown last time [she] saw them."[5] From this answer, it is unclear whether plaintiff is legally required to support any dependents. On page 4, plaintiff indicates that she owns a car but "is not sure if it is still on file with the government" and provides no information about the make, model, value, or amount owed on the car.[6] In response to the questions asking for the total amount of cash on hand, plaintiff responds, "N/A";[7] it is unclear whether that response is intended to mean "zero." Plaintiff lists a $50 monthly payment on her house or apartment but fails to list any source of income over the

---

[1] *Green v. Suthers*, 208 F.3d 226, at *2 (10th Cir. 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[2] *See Heady v. Wendy's/Arby's Group, Inc.*, No. 11-1151, 2011 WL 3889247, at *1 (D. Kan. Sept. 2, 2011) (citing cases).

[3] *Azzun v. Kan. Dep't of Health and Env't*, No. 09-4144, 2009 WL 5171778, at *2 (D. Kan. 2009) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[4] ECF No. 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

past 12 months. [8] Additionally, plaintiff indicates she has zero total monthly household expenses.[9]

Based on this vague and incomplete information, the court is unable to make an informed decision about whether the waiver of court fees and costs is justified. Plaintiff is therefore ordered to file a supplemental application by **March 25, 2019**. The supplemental application should provide all requested information in the application, specifically the names and ages of any dependents; the financial and ownership information of plaintiff's car; all sources of income over the past 12 months, or, if none, how plaintiff pays her monthly house payment; and an updated, accurate log of her monthly household expenses. Following receipt of the supplemental application, the court will consider plaintiff's IFP application.

Appointment of Counsel

In civil actions such as this one, there is no constitutional right to appointed counsel.[10] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[11] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that

---

[8] *Id.*

[9] *Id.*

[10] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[11] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

the circumstances are such that a denial of counsel would be fundamentally unfair.[12] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present her claims, and the complexity of the legal issues raised by the claims."[13] The court also considers the efforts made by the litigant to retain her own counsel.[14]

The court does not find it appropriate to appoint counsel for plaintiff. Plaintiff's motion fails to list any attorneys with whom she has attempted to confer regarding legal representation.[15] Plaintiff has not made any good faith efforts to contact even *one* attorney, let alone the five attorneys required by the court. Based on this lack of diligence alone, the court declines to appoint counsel. Further, based on the merits of plaintiff's claims and the nature of the factual issues raised, the court is unable to determine whether plaintiff's claims are meritorious. The court concludes that this is not a case in which justice requires the appointment of counsel.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written

---

[12] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

[13] *Id.*

[14] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[15] ECF No. 4.

objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

March 11, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge