IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAYA JONES,

        Plaintiff,

v.                                             Case No. 19-2131-CM

TWAKISH JONES, *et al.,*

        Defendants.

## **ORDER**

Pro se plaintiff, Chaya Jones, has filed a motion to commence and proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 (ECF No. 3). Plaintiff brings claims against a variety of defendants, including mental facilities; hospitals and medical centers; schools and universities; broad entities like the "state police," "state court judges," and "armed forces;" numerous individuals with the last name "Jones"; and defendants who cannot be discerned on the face of the complaint.[1] The complaint alleges "fraud, false imprisonment, abuse, neglect, harassment, assault and battery, health hazard, threats, and all other acts of crimes committed. Violation of Patients and Civil Rights. State court judge and state police are not practicing the law."[2] After reviewing plaintiff's application

---

[1] ECF No. 1.

[2] ECF No. 1. On March 18, 2019, plaintiff filed an amended complaint that contains additional narrative and functionally serves as a supplement to the original complaint. *See* ECF No. 8.

and two supplements, the court respectfully denies the motion to proceed *in forma pauperis*.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[3] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[4] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide himself and dependents with the necessities of life.'"[5] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right─fundamental or otherwise.'"[6] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[7]

Plaintiff has failed to adequately demonstrate the need to proceed *in forma pauperis*. Her application contains numerous deficiencies regarding her financial status, which the

---

[3] 28 U.S.C. § 1915(a)(1).

[4] *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. 2006); *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[5] *Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[6] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[7] *Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

court outlined in its order requiring supplementation.[8] On March 18, 2019, plaintiff filed a supplement, in which she acknowledged some of the court's questions without adequately addressing the deficiencies.[9] The court entered an order on March 19, 2019, instructing plaintiff to provide all of the missing information, specifically, "the financial and ownership information of plaintiff's car; all sources of income over the past 12 months, or, if none, how plaintiff pays her monthly house payment; and an updated, accurate log of her monthly household expenses."[10]

Plaintiff filed a second supplement on March 29, 2019, which again fails to provide the requested financial information.[11] Plaintiff merely states, "I do not have any income at this present moment. I tried to find employment, and I am still looking."[12] The supplement fails to address any of the requested information about her car, her sources of income, what her monthly expenses are, and how she pays these expenses. Without providing any of the required substantive information about her financial condition, plaintiff has not shown that she is entitled to *in forma pauperis* status.

Plaintiff is therefore ordered to pay the filing fees in full by **April 16, 2019**. If she fails to pay the fee in full by this deadline, the undersigned will issue a report and

---

[8] ECF No. 5.

[9] ECF No. 7.

[10] ECF No. 9.

[11] ECF No. 10.

[12] ECF No. 10.

recommendation to the presiding U.S. District Judge, Julie A. Robinson, recommending that the case be dismissed without prejudice for lack of prosecution.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If she does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated April 2, 2019, at Kansas City, Kansas.

     s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge