IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAYA JONES,                          )
                                     )
                    Plaintiff,        )
                                     )
v.                                   )        Case No. 19-2131-JAR
                                     )
TWAKISH JONES, et al.,                )
                                     )
                    Defendants.       )

## REPORT AND RECOMMENDATION

On April 2, 2019, the court denied plaintiff's motion to proceed in forma pauperis (ECF No. 3) after plaintiff failed to properly supplement the application with required financial information, despite the court's repeated orders to do so.[1]  The court cautioned plaintiff that if she failed to timely object or pay the filing fee in full by April 16, 2019, the court would recommend dismissal without prejudice.[2]  Plaintiff has neither filed for review of the prior order nor paid the filing fee.[3]

Pursuant to Fed. R. Civ. P. 41(b), a case may be dismissed involuntarily where a party fails to prosecute or follow the court's orders and rules.  "A court has the inherent

---

[1] *See* ECF Nos. 5, 9, 11.

[2] ECF No. 11.

[3] Rather, plaintiff filed a third supplement on April 12, 2019, again explaining that she does not have any income at this time and asserting that there should be no filing fee.  *See* ECF No. 12.

power to dismiss an action for failure to prosecute in order to ensure the orderly and expeditious resolution of cases."[4]  Indeed, plaintiff is familiar with this process, having had a prior case in this district dismissed for failure to submit required financial information and pay the filing fees.[5]  Having considered the record, it is therefore recommended that the presiding U.S. District Judge, Julie A. Robinson, dismiss this case for lack of prosecution.

The court recommends dismissal for the additional reason that plaintiff has not provided enough facts to make a plausible claim for relief.  Plaintiff's claims are subject to sua sponte dismissal by the district court under 28 U.S.C. § 1915(e)(2)(B) "if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[6]  The purpose of § 1915(e)(2)(B) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for

---

[4]  *Pennington v. Saint Francis Cmty. Servs.*, No. 17-1282-EFM, 2018 WL 1305450, at *2 (D. Kan. Feb. 6, 2018), *report and recommendation adopted*, No. 17-1282-EFM, 2018 WL 1256539 (D. Kan. Mar. 12, 2018) (dismissing case based on the plaintiffs' failure to comply with the court's orders and failure to provide the court with a current address).

[5] *Jones v. Providence Med. Ctr.*, No. 08-2360-EFM, 2009 WL 3294000 (D. Kan. Oct. 13, 2009) (explaining that plaintiff had been advised that failure to comply with prior orders would result in a report and recommendation to the district judge that the case should be dismissed).

[6]  28 U.S.C. § 1915(e)(2)(B); *Perry v. Pringle*, No. 13-1436-MLB, 2014 WL 129391 (D. Kan. Jan. 14, 2014).

bringing vexatious suits under Federal Rule of Civil Procedure 11."[7]  The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[8]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[9]  This does not mean, however, that the court must become an advocate for the pro se plaintiff.[10]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[11]  The "court need not accept allegations that state only legal conclusions."[12]  Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend."[13]

Plaintiff's complaint alleges claims against a variety of defendants, including mental facilities; hospitals and medical centers; schools and universities; broad entities like the

---

[7] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[8] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[9] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[10] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[13] *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

"state police," "state court judges," and "armed forces;" numerous individuals with the last name "Jones"; and defendants who cannot be discerned on the face of the complaint.[14]  The complaint alleges "fraud, false imprisonment, abuse, neglect, harassment, assault and battery, health hazard, threats, and all other acts of crimes committed.  Violation of Patients and Civil Rights.  State court judge and state police are not practicing the law."[15]

It is clear from the face of the complaint that plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face."[16]  The statement of claim alleges:

> "These people are criminals and liars and I am tired of being bothered by these people.  They do not have any respect and they are not being honest.  I shouldn't have to pay any court fees and shouldn't be in jail for what they [have] done wrong.  I do not have any signs and symptoms of a mental disorder and should [not] be forced to take medicine.  I am not a criminal.  They are guilty of making deals without my permission.  I do not want another deal with these people or be bothered at all."[17]

The rest of plaintiff's complaint contains similarly unclear allegations that do not state a cognizable claim.  For example, the incident at issue in her complaint is indiscernible but appears to be related to her experience at state-run facilities.[18]  Plaintiff claims actual

---

[14] ECF No. 1.

[15] ECF No. 1.  On March 18, 2019, plaintiff filed an amended complaint that contains additional narrative and functionally serves as a supplement to the original complaint.  *See* ECF No. 8.

[16] *Perry*, 2014 WL 129391, at *3.

[17] ECF No. 1 at 3.

[18] ECF No. 1 at 6.

and punitive damages but does not state an amount.[19]  She asserts she did not attempt any administrative procedure before filing her claim because she "left a message on the Internet with the president of the United States from the time [she] was born up until now since [she] turned thirty-seven years old."[20]  Based on these allegations, plaintiff has not stated a claim on which relief can be granted.  In addition, the undersigned finds that any attempt to amend the complaint would be futile.  It is therefore recommended that this case be dismissed as frivolous, malicious, and/or failing to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order.  If she does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated April 17, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[19] ECF No. 1 at 6.

[20] ECF No. 1 at 5.